Submitted June 4, reversed and remanded August 25, 2010

Stephen M. VAN RIJN,
*Petitioner,*

*v.*

EMPLOYMENT DEPARTMENT
and AgVentures NW, LLC,
*Respondents.*

Employment Appeals Board
09AB1900; A142989

238 P3d 419

Stephen Van Rijn filed the brief *pro se*.

Denise G. Fjordbeck, Attorney-in-Charge, Civil/Administrative Appeals, waived appearance for respondent Employment Department.

No appearance for respondent AgVentures NW, LLC.

Before Haselton, Presiding Judge, and Armstrong, Judge, and Duncan, Judge.

DUNCAN, J.

## DUNCAN, J.

Claimant seeks judicial review of a final order of the Employment Appeals Board (board) that denied him unemployment insurance benefits on the ground that he "voluntarily left work without good cause." ORS 657.176(2)(c). The board's legal conclusion that claimant voluntarily left work is based on its factual finding that "continuing work was available" to claimant. Because that factual finding is not supported by substantial evidence, we reverse and remand. ORS 183.482(8)(c).

The facts, as established by claimant's testimony, which was the only evidence before the board, are as follows. Claimant testified that he began working for employer in November 2008. He was hired to help build office spaces within a factory that was under construction. Claimant was hired and supervised by Todd, whom he knew from other construction projects. On March 11, 2009, claimant reported to work three minutes late. Todd told claimant, "I guess you just can't fucking make it to work on time." Claimant did not respond. Todd demanded a response, saying, "Fucking what? What? You don't—what? You can't—you ain't got an answer for me?" Claimant replied that he was only a few minutes late. Todd told him to "fucking leave." Claimant left the work site, believing that Todd had fired him. Claimant never returned to work, and employer never called him back to work.

Claimant later sought unemployment benefits. A claimant is disqualified from receiving benefits if the claimant has been "discharged for misconduct connected with work" or has "voluntarily left work without good cause." ORS 657.176(2)(a), (c). OAR 471-030-0038(2) provides:

"The distinction between voluntarily leaving and discharge is:

"(a)   If the employee could have continued to work for the same employer for an additional period of time the separation is a voluntarily leaving of work;

"(b)   If the employee is willing to continue to work for the same employer for an additional period of time but is

not allowed to do so by the employer the separation is a discharge."

The Employment Department denied claimant unemployment benefits on the ground that he voluntarily left work without good cause. To challenge the department's denial, claimant requested a hearing before an administrative law judge (ALJ).

At the hearing, claimant testified that he did not quit his job. He explained that he had been willing to continue to work for employer but did not because Todd told him to " 'fucking leave.' " The ALJ asked claimant whether he "believe[d] that the [e]mployer would have allowed [him] to continue working," and claimant answered that, when Todd told him to leave, he believed "that that was it." The ALJ also asked claimant whether, if he had not left, Todd would have "allowed [him] to continue working" and claimant answered, "Like I said, I was under the * * * assumption when he said those words, that I was done."

Claimant testified that he had been hired to work on a particular project, which was "about over" when Todd told him to leave the work site. Claimant further testified that he did not know whether employer "would have kept [him] on" after that project. Employer did not submit any evidence or participate in the hearing.

The ALJ found that claimant "was willing to continue working for employer but was not allowed to do so by employer." Based on that finding, the ALJ concluded that claimant had not voluntarily left work; he had been discharged. The ALJ further concluded that claimant had not been discharged for misconduct, which is defined as a "willful or wantonly negligent violation of the standards of behavior which an employer has the right to expect of an employee" and which does not include "isolated instances of poor judgment." ORS 657.221(2)(a); OAR 471-030-0038(3)(a), (b). Because the ALJ concluded that claimant had not voluntarily left work, but rather had been discharged, and that the discharge was for reasons other than misconduct, the ALJ set aside the department's denial of benefits.

Employer appealed, and the board reversed, reinstating the department's denial of benefits. The board found, "Per claimant's testimony, some amount of continuing work was available at the time [claimant] left, and he had not been explicitly told that he was discharge[d]." Based on those findings, the board concluded, "The work separation was, therefore, a voluntary leaving." The board further concluded that claimant did not have good cause for leaving. Based on its conclusions, the board held that claimant was disqualified from receiving benefits.

On review, claimant contends that the board erred in finding that he voluntarily left work. He disputes the board's finding that continuing work was available.

We review the board's findings of fact for substantial evidence. ORS 657.282; ORS 183.482(8)(c). A finding of fact is supported by substantial evidence if "the record, viewed as a whole, would permit a reasonable person to make that finding." ORS 183.482(8)(c).

We have reviewed the record and conclude that the board's finding that continuing work was available to claimant is not supported by substantial evidence; the record would not permit a reasonable person to find that claimant could have continued to work for employer after Todd told him to "fucking leave." Nothing in what Todd said or did would support a finding that claimant was welcome to remain at or return to work.

The board indicated that claimant testified that continuing work was available. Its order provides, *"Per claimant's testimony*, some amount of continuing work was available at the time he left[.]" (Emphasis added.) But claimant never testified that he could have continued to work for employer; to the contrary, he repeatedly testified that he believed that he could not have continued to work for employer. The ALJ specifically asked claimant whether he would have been allowed to work, and claimant answered that, when Todd told him to leave, he understood "that that was it" and that he was "done."

Claimant's only other testimony regarding continuing work was that, at the time Todd told him to leave the

work site, the construction project for which claimant had been hired was almost over. From that testimony, the board could find that the project was going to continue for some amount of time after Todd told claimant to leave, but it could not find that claimant could have continued to work on it.

In sum, there is no evidence in the record from which a reasonable person could find that claimant could have continued to work for employer. Therefore, the board's finding that continuing work was available to claimant—a finding that is essential to the board's conclusion that claimant voluntarily left work—is not supported by substantial evidence.

Reversed and remanded.